JONATHAN S. MORSE (SBN 74812)                    E-FILED 01/03/13
THE MORSE LAW GROUP
2945 Townsgate Road, Suite 200
Westlake Village, CA 91361
Telephone: (805) 719-2695
Facsimile: (888) 559-7224

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAM A. SALLOOM, | [HON. MARGARET MORROW] |
| Plaintiff, | CASE NO. CV12-04289MMM(JCGx) |
| vs. | FIRST AMENDED COMPLAINT FOR DAMAGES |
| SEARS ROEBUCK & CO., U.S. HEALTHWORKS, INC, ESCREEN, INC., DOES 1 through 50, Inclusive, | |
| Defendants. | |

Plaintiff Sam A. Salloom ("Plaintiff") complains of defendants, and each of them, as follows:

PARTIES

1.     Plaintiff is an individual, domiciled in Los Angeles County, California.

2.     Defendant Sears Roebuck & Company ("Sears") is a foreign corporation, doing business in Los Angeles County, California. Defendant U. S. Healthworks, Inc. ("USHW") is a Delaware corporation with its principal place of business in California.  Defendant Escreen, Inc. ("Escreen") is a Delaware corporation with its principal place of business in Kansas.

3.     Defendants DOE 1 through DOE 50 are persons and entities whose identities and/or capacities and/or involvement in this matter are presently unknown to Plaintiff.  Each of these defendants participated in some manner in the events and happenings referenced herein and each is legally responsible for some or all of the damages complained of herein, including punitive damages.  Plaintiff will amend this complaint to insert the true names and capacities of these DOE defendants when the same become known.

4.     At all times herein pertinent each of the defendants was acting as the agent and employee of each other defendant within the scope of his, her or its agency and employment, and with the consent, express or implied, of each other defendant.  By reason thereof, each defendant is legally responsible in whole or in part for the acts and omissions of each other defendant.

5.     At all times herein pertinent each corporate defendant was acting through its authorized agents and employees, who were acting within the course and scope of such agency and employment.  All acts and omissions were performed by managerial employees of such corporate defendant, and all acts and omissions were ratified and approved by managerial employees of such corporate defendant.

FACTS

Plaintiff incorporates by reference each of the matters set forth in each of the preceding paragraphs and further states as follows:

6.     Plaintiff was employed continuously by Sears and Does 1 through 50 since January 1, 2001 until the date of his termination in June 2011.

7.     Prior to being hired by Sears and Does 1 through 50, Plaintiff took and passed a pre employment drug test.  He was not subject to any further drug testing, other than post accident drug tests, until he made a worker's compensation claim on June 6, 2011.

8.     On Wednesday, June 1, 2011, Plaintiff felt a slight twinge in his back while at work.  However it was very mild and he thought nothing of it at the time.  He continued working through the end of his shift without incident.

9.     On Thursday, June 2, 2011, Plaintiff reported for work as scheduled and worked his complete shift despite mild back pain.  He was then scheduled to be off duty until Monday, June 6, 2011.

10.     On Friday, June 3, Plaintiff's back pain began to grow progressively worse.  Over the counter ibuprofin did not ease the pain.

11.     On Sunday, June 5, 2011 Plaintiff's back pain became unbearable.  To cope, Plaintiff took a pain medication, acetaminophen with codiene, which had been prescribed for him while he was battling cancer.

12.     On Monday, June 6, 2011, Plaintiff called his employer to report his back injury and stated he was making a worker's compensation claim.  His supervisor expressed annoyance.  Plaintiff was told to come in that day to process the claim and he did so.

13.     At Sears' direction Plaintiff was driven by his son to a medical clinic designated by Sears, where he saw a doctor for his back condition.  At that time Plaintiff was told that he was required to submit a urine sample to be tested for drugs.  Sears and Does 1 through 50 had no cause to administer this drug test or to provide the results to anyone outside Sears.  In reliance on the representation that a drug test was required in connection with his worker's compensation claim, Plaintiff provided a urine sample.

14.     Plaintiff was placed on light duty and instructed to report for work at the Sears facility, and did so.

15.     On Thursday, June 16, 2011, Plaintiff was contacted by telephone and was ordered to go to the Sears office.  Upon arrival he was told by his supervisor, Scott Pack, that he was being discharged because his drug test had come back "positive".  Mr. Pack would not identify the substance that allegedly came  back positive.

FIRST AMENDED COMPLAINT FOR DAMAGES

16.     Plaintiff explained to Mr. Pack that the only drugs or medications which he had been taking were the blood pressure medication which he had been taking for years and the prescription pain medication which he had taken the previous Sunday. Neither Mr. Pack  nor any defendant took any steps to look into this information nor made any attempt to rectify the situation.

17.     Sears' drug testing policy, provided to Plaintiff when he took his pre employment drug test, specifies that in the event of a positive test, the Medical Review Officer will review the results and contact the examinee for an explanation. Plaintiff was never contacted by any Medical Review Officer nor anyone else to request an explanation for any positive result on the drug test.

18.     After discharging Plaintiff from his employment, based solely on the positive drug test administered without cause, Sears  and Does 1 through 50 reported to the California Employment Development Department that Sears had been discharged for cause as a result of the positive drug test.  Mr. Salloom appealed that determination.  The Administrative Law Judge reversed that determination, noting in particular that Sears had taken only drugs which had been prescribed for him, that Plaintiff was taking only pain medication which had been prescribed for him, and that Plaintiff had never reported to work while taking this prescription pain medication.

19.     Following the reversal of the determination that Plaintiff had been discharged for cause, Plaintiff, through his attorney, contacted Sears and demanded that Plaintiff be reinstated to his former position with back pay.  Sears failed and refused to reinstate Plaintiff or to take any other actions to rectify its unfounded discharge of Plaintiff from the employment of Sears.

20.     Following his discharge from the employment from Sears, Plaintiff attempted diligently to obtain suitable employment.  However, he was unable to obtain such employment until June 2012. His yearly earnings as of the date of discharge was approximately $75,000 per year.  By reason thereof, Plaintiff has sustained

economic damages in the amount of $75,000, or such other amount to be proven at trial.

21.    In addition to the foregoing, Plaintiff has sustained non economic damages for emotional distress, embarrassment and humiliation as a result of being unemployed and unable to obtain suitable employment.  The amount of such non economic damage is $200,000, or such other amount to be proven at trial.

22.    Plaintiff has obtained from the California Fair Housing and Employment Agency a Right to Sue Letter, thereby obviating the need to have this claim for age discrimination reviewed by the State prior to filing suit.  By reason thereof, Plaintiff presently has standing to file a lawsuit for age discrimination.

FIRST CAUSE OF ACTION

(Libel)

Plaintiff incorporates by reference each of the matters set forth in each of the preceding paragraphs and further states as follows:

23.    On or about June 17, 2011 Sears and Does 1-10 represented in writing to the California Employment Development Department ("EDD") that Plaintiff had been discharged from his employment because of misconduct in that he had failed an employer required drug test.  In making this representation Sears represented that Plaintiff had been using illegal drugs.

24.    The representations of Sears and Does 1-10 to the EDD were false and was made with knowledge of its falsity or with conscious disregard for the truth.  In fact, Sears and Does 1-10 had already been informed that Plaintiff had been taking only authorized medications which had been prescribed for him and had never been on duty while taking any prescription pain medication.

25.    The conduct of Sears and Does 1-10 in making such representations caused damages to plaintiff, including severe emotional distress and humiliation and other non economic damages in an amount to be proven at trial.

The Morse Law Group

26.    The conduct of Sears and Does 1-10 in making such representations was malicious and oppressive and was done with conscious disregard for the rights of Plaintiff.  Such conduct was done by or with the approval of these defendants' managing agents, and such actions were thereafter ratified and approved by these defendants' managing agents.  By reason of the foregoing, punitive damages should be assessed against Sears and Does 1-10 to punish and make an example of such defendants in amounts to be determined at trial.

SECOND CAUSE OF ACTION

(Invasion of Privacy)

Plaintiff incorporates by reference each of the matters set forth in each of the preceding paragraphs and further states as follows:

27.    After Plaintiff made a worker's compensation claim arising out of the back injury he sustained on the job, Sears and Does 1 through 10, with no justification for doing so, ordered Plaintiff to submit to a drug test as part of the claims process. Thereafter the personnel who performed the test advised other persons that Plaintiff had failed a drug test and thereby violated Plaintiff's privacy rights.

28.    By reason of the foregoing, Plaintiff sustained economic damages in the amount of $75,000, or such other amount to be proven at trial, and non economic damages in an amount to be proven at trial.

29.    The conduct of defendants in violation of Plaintiff's privacy rights was malicious and oppressive and was done with conscious disregard for the rights of Plaintiff.  Such conduct was done by or with the approval of these defendants' managing agents, and such actions were thereafter ratified and approved by these defendants' managing agents.  By reason of the foregoing, punitive damages should be assessed against Sears and Does 1-10 to punish and make an example of such defendants in amounts to be determined at trial.

THIRD CAUSE OF ACTION

(Wrongful Termination in Violation of Public Policy)

Plaintiff incorporates by reference each of the matters set forth in each of the preceding paragraphs and further states as follows:

30.    Defendants used Plaintiff's alleged positive drug test as a pretext to discharge Plaintiff.  In particular, Plaintiff had no cause to request or require Plaintiff to submit to a drug test in connection with his worker's compensation claim, did not contact Plaintiff through a Medical Review Officer to request an explanation for an alleged positive drug test, did not perform any follow up investigation when Plaintiff provided an explanation for the prescription drugs he had been using, attempted to have Plaintiff barred from receiving unemployment compensation, and refused to take any corrective action when the facts were presented to them.

31.    By reason of the foregoing, defendants retaliated against Plaintiff for making a worker's compensation claim.  Such retaliation was unlawful and in violation of public policy.

32.    By reason of the foregoing, Plaintiff sustained economic damages in the amount of $75,000, or such other amount to be proven at trial, and non economic damages in an amount to be proven at trial.

33.    The conduct of defendants in retaliating against Plaintiff was malicious and oppressive and was done with conscious disregard for the rights of Plaintiff.  Such conduct was done by or with the approval of these defendants' managing agents, and such actions were thereafter ratified and approved by these defendants' managing agents.  By reason of the foregoing, punitive damages should be assessed against Sears and Does 1-10 to punish and make an example of such defendants in amounts to be determined at trial.

FOURTH CAUSE OF ACTION

(Age Discrimination)

Plaintiff incorporates by reference each of the matters set forth in each of the preceding paragraphs and further states as follows:

34.     At the time of his discharge from his employment, Plaintiff was 57 years of age and in a protected class of employees.

35.     Defendants discharged Plaintiff because of his age and not because of any just cause, in violation of law and public policy.

36.     By reason of the foregoing, Plaintiff sustained economic damages in the amount of $75,000, or such other amount to be proven at trial, and non economic damages in an amount to be proven at trial.

37.     The conduct of defendants in discharging Plaintiff based upon his age was malicious and oppressive and was done with conscious disregard for the rights of Plaintiff.  Such conduct was done by or with the approval of these defendants' managing agents, and such actions were thereafter ratified and approved by these defendants' managing agents.  By reason of the foregoing, punitive damages should be assessed against Sears and Does 1-10 to punish and make an example of such defendants in amounts to be determined at trial.

FIFTH CAUSE OF ACTION

(Negligence and Tortious  Misconduct vs. U. S. Healthworks, Inc. and Does 11-20)

Plaintiff incorporates by reference each of the matters set forth in each of the preceding paragraphs and further states as follows:

38.     On June 6, 2011, Plaintiff reported to U. S. Healthworks, Inc.'s facility for examination and treatment as ordered by Sears.  On that date USHW informed Plaintiff that he was required to submit to a drug test and thereafter administered such drug test.

39.     As part of the drug test procedure, Plaintiff was required to sign a "Consent" form and he did so.

40.     The drug test procedure also called for USHW to have Plaintiff review and sign a Custody Control Form.  This form had a space to provide a daytime and evening phone number for Plaintiff.  These phone numbers were to be used by the Medical Review Officer to contact Plaintiff in the event of an apparent positive drug

-8-

FIRST AMENDED COMPLAINT FOR DAMAGES

1  test, in order to give Plaintiff an opportunity to explain that he was not using illegal

2  or unauthorized drugs and to provide a reason for the positive result.

3  41.    The Custody Control Form used by USHW had pre printed information,

4  including Plaintiff's name, driver's license number, social security number and a

5  day time phone number which was unknown to Plaintiff.  The space for an evening

6  phone number was blank.

7  42.    Plaintiff was not given an opportunity to review or sign the Custody Control

8  Form, or to provide correct information for his daytime and evening phone numbers.

9  He did not sign this form and his purported signature is a forgery.

10  43.    USHW and Does 11-20 provided the drug sample and the forged Custody

11  Control Form to Escreen.  In doing so, USHW and Does 11-20 negligently and

12  tortiously failed to provide Escreen with telephone contact information as required

13  to allow Escreen's Medical Review Officer to contact Plaintiff as required.

14  44.    Based upon the foregoing, USHW  and Does 11-20 negligently and

15  tortiously provided false and incomplete information to Escreen concerning

16  Plaintiff's drug test.  As a result thereof, Escreen failed to contact Plaintiff and failed

17  to give Plaintiff the required opportunity to explain the drug test results.

18  45.    As a result of the negligence and tortious conduct of USHW and Does 11-20,

19  Plaintiff sustained economic and non economic damages as referenced above.

20  46.    The conduct of USHW and Does 11-20 in submitting a forged Custody

21  Control Form containing inaccurate and incomplete contact information for Plaintiff

22  was malicious and oppressive, and was done with conscious disregard for the rights

23  of Plaintiff.  By reason of the foregoing, punitive damages should be assessed

24  against USHW and Does 1-10 to punish and make an example of such defendants in

25  amounts to be determined at trial.

26  SIXTH CAUSE OF ACTION

27  (Negligence and Tortious  Misconduct vs. Escreen, Inc. and Does 21-30)

28

The Morse Law Group

1    Plaintiff incorporates by reference each of the matters set forth in each of

2   the preceding paragraphs and further states as follows:

3   47.    On or about June 7, 2011, Escreen and Does 21-30 received from USHW the

4   urine sample and Custody Control Form pertaining to Plaintiff's drug test.

5   48.    Escreen and Does 21-30 knew or reasonably should have known that the

6   Custody Control Form was incomplete.  In particular, and without limitation, there

7   was no evening phone number provided for Plaintiff in the space provided.

8   49.    After Plaintiff's urine sample was reported to have codiene, Escreen and

9   Does 21-30 negligently failed to follow proper procedures to give Plaintiff an

10  opportunity to explain that he had taken a prescription pain medication which had

11  been prescribed for him and thereafter negligently reported to Sears that Plaintiff

12  had a positive drug test.  In particular, and without limitation, said defendants failed

13  to contact Plaintiff as required by the general procedures in effect, failed determine

14  that the daytime phone number provided on the Custody Control Form was false,

15  and failed to obtain an evening phone number for Plaintiff.

16  50.    As a result of the negligence of Escreen, Plaintiff was unjustifiably

17  terminated from Sears, and sustained economic and non economic damages.

18  WHEREFORE Plaintiff prays for judgment against defendants for the following:

19  1.     For economic damages in an amount to be proven at trial;

20  2.     For non economic damages in an amount to be proven at trial;

21  3.     For punitive damages in amounts to be established at trial;

22  4.     For cost of suit incurred herein;

23  5.     For pre judgment interest as authorized by law;

24  6.     For expert witness fees as authorized by law; and

25  7.     For such other and further relief as this Court may deem proper.

26

27

28

1  DATED:  November 23, 2012          THE MORSE LAW GROUP
                                      JONATHAN S. MORSE
2

3

4                                     By: _____
                                          JONATHAN S. MORSE
5                                         Attorneys for Plaintiff

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

FIRST AMENDED COMPLAINT FOR DAMAGES

The Morse Law Group